```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

HENRY PERNELL EDDINGS,           :
      Petitioner
                                  :

     vs.                     : CIVIL NO. 1:CV-03-1701

                                  : (Judge Caldwell)
THOMAS LEVAN,
      Respondent            :

M E M O R A N D U M

I.    Introduction

       We are considering the pro se petition of Henry Pernell Eddings, an inmate at SCI-Dallas[1], for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also requested that counsel be appointed to represent him. Petitioner raises the following claims in his petition: (1) that his sentence pursuant to 42 Pa.C.S.A. § 9714 violates the ex post clause of the United States and Pennsylvania constitutions; (2) that § 9714 is unconstitutionally vague; (3) that § 9714 violates the due process clause of the United State Constitution; (4) that § 9714 violates due process by failing to establish the burden of proof required to determine what is "insufficient to protect public safety" when determining a sentence; and (5) that he is exempt from the

---

[1] At the time he filed his petition, Eddings was housed at SCI-Pittsburgh.

mandatary sentencing provisions because his prior convictions occurred more than seven years prior to his current conviction. For the reasons that follow, we will deny the petition.

II.  Background

On June 2, 1997, Eddings was sentenced to a term of twenty-five to fifty years by the Dauphin County Court of Common Pleas stemming from a conviction for third degree murder.  (Doc. 1, 2254 Petition, p. 5).  On direct appeal, the Pennsylvania Superior Court found that the Court of Common Pleas should have "determine[d] whether [Eddings] was convicted of a prior crime of violence...within seven years of the date of commission of the instant offense [of murder]...." *Commonwealth v. Eddings*, 721 A.2d 1095, 1100 (Ps.Super. 1998).  As a result, the Superior Court vacated the sentence and remanded to the Court of Common Pleas for resentencing.  *Id*. at 1101.  The Pennsylvania Supreme Court affirmed the Superior Court decision on May 21, 2001. *Commonwealth v. Eddings*, 565 Pa. 256, 772 A.2d 956 (Pa. 2001).

The Petitioner was resentenced in the Dauphin County Court of Common Pleas on August 8, 2001.  (Doc. 14, Resp. Exs., Ex. M).  The Court of Common Pleas found that, excluding the time periods when Eddings was incarcerated, on probation, or on parole, he had committed a prior crime of violence seven years before the murder for which he had been convicted.  (*Id.*).  Therefore,

Eddings was again sentenced to a term of twenty-five to fifty years imprisonment. The Superior Court affirmed Petitioner's sentence on August 6, 2002. *Commonwealth v. Eddings*, 809 A.2d 955 (Pa.Super. 2002)(table). The Pennsylvania Supreme Court denied his petition for an allowance of appeal on February 13, 2003. *Commonwealth v. Eddings*, 572 Pa. 748, 816 A.2d 1102 (Pa. 2003)(table).

Eddings filed his first petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA) on June 26, 2003. (Doc. 39, Resp. Supp., Ex. T). Counsel was appointed for the Petitioner and on August 8, 2003 counsel moved to withdraw arguing that Eddings claims were meritless as they had been previously litigated. (*Id*.). His PCRA petition was dismissed on October 7, 2003. (*Id*.).

On September 24, 2003, Eddings filed the instant 2254 petition. (Doc. 1, 2254 Petition). In his opposition brief, the Respondent argued that we should dismiss Eddings 2254 petition because he had only exhausted some of the claims raised in his petition. The Magistrate Judge recommended that the 2254 proceedings be stayed so that Petitioner could exhaust his state court remedies. We adopted this recommendation and stayed the proceedings.

On March 31, 2004[2], Petitioner filed a second PCRA petition. (Doc. 39, Resp. Supp., Ex. T). On August 26, 2004, the PCRA court dismissed Eddings second PCRA petition. (Doc, 39, Resp. Supp., Ex. U). The Superior Court affirmed the order dismissing Petitioner's second PCRA petition on June 7, 2005, (*Id.* at Ex. W), and on December 30, 2005, the Supreme Court denied Eddings' request for an allowance of appeal. We lifted the stay of the 2254 proceedings on January 25, 2006 and ordered the Respondent to file any supplemental materials that would be required to resolve the instant petition. Eddings' 2254 petition is now ripe for disposition.

III. Standard of Review

28 U.S.C. § 2254 allows a person convicted of an offense by a state court to challenge their continued custody on the state offense "...on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Thus, § 2254 is not intended to correct violations of state laws unless there is a federal constitutional violation. *Smith v. Zimmerman*, 768 F.2d 69, 71 (3d Cir. 1985). In order to seek relief under § 2254, a petitioner must be able to show that he has exhausted

---

[2] The PCRA court's memorandum indicates that Eddings' second PCRA petition was filed on March 31, 2003. However, after a review of the PCRA court's docket, it appears that the second petition was filed in 2004.

4

state court remedies, that there is no "...available [s]tate corrective process," or that an available state process would be ineffective to protect his rights.  28 U.S.C. § 2253(b)(1).  A court cannot grant the relief sought in a § 2254 petition unless the state proceedings:

> resulted in a decision that was contrary to,
> or involved an unreasonable application of,
> clearly established Federal law, as determined
> by the Supreme Court of the United States; or
> resulted in a decision that was based on an
> unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C § 2254(d).

"A state-court decision will certainly be contrary to [the] clearly established precedent [of the Supreme Court] if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). Additionally, if a state court confronts a set of facts "...materially indistinguishable from a decision of [the Supreme Court]..." and arrives at a different result, the state-court decision would be contrary to clearly established precedent. *Williams*, 529 U.S. at 406, 120 S. Ct at 1519-20.  A state-court decision is an "unreasonable application of clearly established precedent" if the petitioner can show "...that the state court applied [the precedent] to the facts fo his case in an objectively

5

unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279 (2002).  Finally, when considering whether a state court made a decision "based on an unreasonable determination of the facts in light of the evidence presented" a "...federal court [must] *presume* that all determinations of fact made by the state court are correct and...the petitioner [is required to] present clear and convincing evidence to rebut this presumption." *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002)(emphasis in original)(internal quotation omitted).

IV.   Discussion

    A.   Ex Post Facto

The Petitioner's first claim is that his sentence pursuant to 42 Pa.C.S.A. § 9714 violates the ex post clause of the United States and Pennsylvania constitutions.  He contends that his previous convictions cannot be used as predicate offenses under the statute because the convictions occurred prior to the enactment of § 9714.  The Respondent argues that § 9714 does not violate the ex post facto clause and cites Pennsylvania and federal case law in support of this position.

The United State Constitution forbids the enactment of ex post facto laws.  U.S. CONST. Art. I, § 9, cl. 3.  "An *ex post*

6

*facto* law is a law that punishes for conduct that was not criminal at the time it occurred or that increases the punishment for an act after the act is done." *United States v. Bucaro*, 898 F.2d 368, 371 (3d Cir. 1990)(emphasis in original). At the time of Eddings' offense, the pertinent language of § 9714 read as follows:

> Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title of other statute to the contrary.  Proof that the offender received notice of or otherwise knew or should have know of the penalties under this paragraph shall not be required.

42 Pa.C.S.A § 9714(a)(2).  Petitioner contends that his sentencing under this provision violates the ex post facto clause because his predicate offenses occurred prior to the passage of this section.

The PCRA court denied Eddings relief on his second PCRA petition on waiver grounds.  (Doc, 39, Resp. Supp., Ex. W).  The Superior Court, however, affirmed the PCRA court's denial on other grounds.  (*Id.*).  The Superior Court noted that claims regarding the legality of a sentence cannot be waived.  (*Id.*).  The court then proceed to affirm the PCRA court's denial of the Petitioner's ex post facto claim on the basis of the Superior Court's opinion in *Commonwealth v. Brown*, 741 A.2d 726 (Pa.Super. 1999).

7

In *Brown*, the Superior Court found that § 9714 did not violate the ex post facto clause because Brown was being sentenced for crimes that he committed after the effective date of § 9714, not for the predicate offenses. *Id*. at 732. We cannot find that this reasoning is contrary to, or an unreasonable application of, established federal law. The Supreme Court has held that the sentencing of an offender under a habitual criminal statute is not "...an additional penalty for the earlier crimes." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258, 92 L. Ed. 1683 (1948). Rather, "[i]t is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." *Id*. In the instant case, Eddings was sentenced for a crime that he committed in April 1996, after the effective date of § 9714. *See* Act of 1995, Oct. 11, P.L. 1058, No. 21 (Spec.Sess. No. 1), § 4 (providing that the act is effective in 60 days). As such, we cannot find that an ex post facto violation occurred. Since there is no federal constitutional violation, Eddings is not entitled to any relief on his claim of violations of the Pennsylvania Constitution.

    B.  <u>Vagueness</u>

Eddings second argument is that § 9714 is void-for-vagueness. In his filings before us, Petitioner has not provided an argument to support this contention. However, in his state-

court filings, Eddings has contended that § 9714 is vague because it fails to define the phrase "insufficient to protect public safety." The Respondent has argued that this phrase is not vague, a finding which was made by the Superior Court in *Brown* and applied to the Petitioner's PCRA petition. He also maintains that the disputed language is not relevant to Eddings' case as the Petitioner was not sentenced under the provision in which the language appears.

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903 (1983). "However, outside the First Amendment context, a party has standing to raise a vagueness challenge only insofar as the statute is vague as applied to his or her specific conduct." *United States v. Pungitore*, 910 F.2d 1084, 1104 (3d Cir. 1990).

Here, as noted by the Respondent, Eddings was not sentenced under the language he is challenging. At the time of Petitioner's sentencing, § 9714 provided that "[u]pon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life

9

imprisonment without parole." 42 Pa.C.S.A. § 9714(2). Eddings received a sentence of twenty-five to fifty years imprisonment. He cannot challenge the public safety language on vagueness grounds as he was not sentenced to life imprisonment.

### C. Due Process

Petitioner maintains that § 9714 violates due process. Again, he has failed to argue the specifics of one of his due process claims before us. However, in his PCRA submissions, Eddings contended that § 9714 violates dues process because the Commonwealth is only required to prove the existence of predicate offenses by a preponderance of the evidence. The Superior Court denied this argument in his appeal on the basis of its reasoning in *Brown*. The Respondent replies that since both the Superior Court in *Brown* and the United States Supreme Court have rejected this argument, there is no due process violation.

In *Brown*, the Superior Court followed the Pennsylvania Supreme Court's holding in *Commonwealth v. Allen*, 508 Pa. 114, 494 A.2d 884 (Pa. 1985). The *Allen* Court held "...that the preponderance standard prescribed in section 9714 satisfies the minimum requirements of due process." *Allen*, 508 Pa. at 122, 494 A.2d at 1071. The Pennsylvania Supreme Court found that "[t]he Commonwealth's interest in protecting the public, punishing violent repeat offenders and deterring violent crime is at least

as great as the convicted defendant's interest in leniency," and that "[t]he risk of error [in proving prior convictions] is minimal." *Allen*, 508 Pa. at 121, 494 A.2d at 1071.  Again, we cannot find that this reasoning is contrary to, or an unreasonable application of, established federal law.  In *Parke v. Raley*, 506 U.S. 20, 35, 113 S. Ct. 517, 526, 121 L. Ed. 2d 391 (1992), the Supreme Court stated that a state requiring the proof of a prior conviction by a preponderance of the evidence is not "fundamentally unfair."  The Court noted that the burden of persuasion in various states ranges from a preponderance standard to beyond a reasonable doubt.  *Id*.  Thus, we find no due process violation in the § 9714 preponderance standard.

  Eddings second due process argument is that § 9714 violates due process by failing to establish a burden of proof for determining what is "insufficient to protect public safety" when a court decides to sentence an offender to life imprisonment instead of twenty-five years.  The Superior Court found that this claim does not apply to the Petitioner because he was not sentenced to life imprisonment.  (Doc, 39, Resp. Supp., Ex. W).  As previously discussed, Eddings was not sentenced under the section that contains the "insufficient to protect public safety" requirement.  As such, his due process rights could not have been violated by any failure to establish a burden of proof for such a finding.

11

### D. Seven Years Requirement

Eddings final claim is that he is not subject to the mandatory sentencing provisions because his prior convictions occurred more than seven years before to his current conviction. Petitioner claim is that the trial court erred in its application of state law. However, "[a] federal court may not issue [a] writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 875, 79 L. Ed. 2d 29 (1984). Additionally, Petitioner has not claimed that his federal constitutional rights were violated by the trial court's calculation of time between his predicate offenses and the instant offense. Thus, we cannot grant relief on this claim.

## V. Conclusion

Based on the foregoing discussion, we will issue an order denying Petitioner's claims. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his section 2254 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

Further, based on the analysis above, we shall deny Eddings' request for appointment of counsel.

    We will enter an appropriate order.

                                                          /s/William W. Caldwell
                                                          William W. Caldwell
                                                          United States District Judge

Date: April 20, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY PERNELL EDDINGS,           :
     Petitioner
                                        :

     vs.                         : CIVIL NO. 1:CV-03-1701

                                        : (Judge Caldwell)
THOMAS LEVAN,
     Respondent                   :


O R D E R


AND NOW, this 20th day of April, 2006, it is Ordered that:

    1. Petitioner's 2254 petition (Doc. 1) is denied.

    2. Based on the accompanying memorandum, a certificate of appealability is denied.

    3. Petitioner motion for appointment of counsel (Doc. 34) is denied.

    4. The Clerk of Court shall close this file.


                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge